THE STATE ex rel. EARLY v. MISSOURI GUARANTEE SAVINGS & BUILDING ASSOCIATION et al., Appellants.

Division One, March 12, 1902.

1. **Insolvent Building and Loan Association: RECEIVING MONEY: ACT OF 1899 CONSTITUTIONAL.** The Act of May 17, 1899, making it a felony for any officer of any mutual saving fund, loan and building association, to receive or assent to the reception of any money or other valuable thing in payment of any premium, dues or fees due or owing to said association, after knowledge of the fact that the association is insolvent or in failing circumstances, and making the failure of such association prima facie knowledge of insolvency, is constitutional. That act does not impair the obligation of contracts in denying to stockholders, who became borrowers prior to the passage of the act, the right to pay their premiums. Nor does it deprive them of property without due process of law.

2. ———: CRIMINAL STATUTES: IMPAIRMENT OF CONTRACTS. Criminal
statutes leveled against acts that would be frauds without such en-
actments, and intended for the protection of the rights of the citi-
zen, can not have the effect of impairing the obligation of contracts
or of depriving the citizen of his property without due process of law.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,*
Judge.

REVERSED.

*Morton Jourdan* for appellants.

(1) The constitutionality of an act of the General As-
sembly will be presumed.   State ex rel. v. Yancey, 123 Mo.
391; State ex rel. v. Wofford, 121 Mo. 61.   Every reasonable
intendment should be made to sustain the act.   Murnane v.
St. Louis, 123 Mo. 479; Wells v. Railroad, 110 Mo. 286;
State ex rel. v. Simmons, 109 Mo. 118; State ex rel. v. Jack-
son, 102 Mo. 531; State v. Hope, 100 Mo. 347.   The burden
is upon him who challenges it to show it unconstitutional be-
yond a doubt.   State v. Addington, 77 Mo. 110; State v.
Laughlin, 75 Mo. 147; State v. Ransom, 73 Mo. 78.   In case
of doubt every presumption is to be indulged in favor of the
law.   Phillips v. Railroad, 86 Mo. 540; State v. Laughlin,
supra.   The nature of the subject dealt with, as well as the
manner of so doing, should determine its constitutionality.
Kenefick v. St. Louis, 127 Mo. 1.   (2) The obligation to pay
is just as binding—the debtor is not released—the contract not
cancelled—the obligation not impaired.   The stockholder has
his remedy.   If an insolvent association refuses to receive his
money, his remedy is by appeal to the courts to place the asso-
ciation in the hands of a receiver or other officer of the court,
to adjust and wind up its affairs.   The association has its
remedy—if in doubt as to its insolvency, that question may be
tested and determined on the application for receiver.   Still,
the contract and obligation remains.   (3) This act is a copy

of the bank act under which Sattley (131 Mo. 464) was convicted. The bank act was held by this court to be constitutional. State v. Sattley, 131 Mo. 482.

*H. K. & H. J. West* for respondent.

The act entitled "An Act to prohibit the receipt of premiums, fees, and dues by officers of mutual saving fund, loan and building associations, when the same are in an insolvent condition, and providing a punishment therefor" (Laws 1899, p. 121) is in violation of section 10 of article 1 of the Constitution of the United States; and in violation of section 15, article 2, Constitution of Missouri; and of the fifth amendment of the Constitution of the United States; and is in violation of section 30, article 2, Constitution of Missouri. Sec. 10, art. 1, U. S. Constitution; sec. 15, art. 2, Mo. Constitution; 5 amend. U. S. Const.; sec. 30, art. 2, Mo. Const.; Story on the Constitution (5 Ed.), sec. 1380; Block on Constitutional Prohibitions, p 168; Cooley on Constitutional Limitations (6 Ed.), p. 344; State v. Julow, 129 Mo. 174; Dartmouth College Case, 4 Wheat. 629; VanHoffman v. Quincy, 4 Wall. 535; Tennessee v. Sneed, 96 U. S. 69; Louisiana v. New Orleans, 102 U. S. 203.

MARSHALL, J.—This is a proceeding by mandamus to compel the defendants, Hayward and Verity, respectively the president and secretary of the defendant association, to receive from the plaintiff, a borrowing stockholder, the sum of thirty-nine dollars, "on account of dues, interest and premiums legally due to the association on a valid contract."

The petition alleges, *inter alia:* "Sixth, that said association is insolvent and in failing circumstances, but that notwithstanding that fact, it is still the desire of relator, and such other borrowing stockholders, to pay to the association and its officers, the amounts so due to it from relator, and such other stockholders, respectively; seventh, that by reason of the re-

fusal of the defendant association, and the defendant officers to receive the amount so due from relator, and the amounts so due from other persons legally indebted to the association, the assets and property of the association are being wasted and squandered, and that such refusal, if continued, will result in wasting and squandering the assets and property of the association, to the pecuniary injury of the relator; eighth, that for such pecuniary injury so threatened, relator has no remedy by action at law; ninth, that the sole reason and ground upon which the defendant association and its officers refuse to receive and collect the moneys due to the association, is, that as the association is insolvent and in failing circumstances, to receive said moneys would subject its officers and all persons who might receive said moneys for the association, to prosecution and punishment under the provisions of an act of the Fortieth General Assembly of the State of Missouri, entitled, 'An Act to prohibit the receipt of premiums, fees and dues by officers of mutual saving fund, loan and building associations, when the same are in an insolvent condition; and providing a punishment therefor;' tenth, that said act affords no reason or excuse for such refusal, for the reason that said act is unconstitutional and void, in that said act is in violation of section 10 of article 1 of the Constitution of the United States; and in that said act is in violation of section 15 of article 2, of the Constitution of the State of Missouri; and in that said act is in violation of the fifth amendment of the Constitution of the United States; and in that said act is in violation of section 30 of article 2 of the Constitution of the State of Missouri." The prayer of the petition is that the said officers be compelled to receive said sum.

An alternative writ was issued. The defendants demurred. The circuit court overruled the demurrer. The defendants stood upon the demurrer, the circuit court made the writ peremptory, and defendants appealed.

## I.

The only point presented for adjudication in this case is the constitutionality of the Act of May 17, 1899 (Laws 1899, p. 121). That act makes it a felony for any officer of any mutual saving fund, loan and building association, to receive or assent to the reception of any money or other valuable thing in payment of any premium, dues or fees due or owing to said association, after knowledge of the fact that the association is insolvent or in failing circumstances, and makes the failure of such association, prima facie, knowledge of insolvency or of such failing circumstances.

The position of the plaintiff is that this act violates section 10, article 1, of the Federal Constitution, which prohibits any State to pass any law impairing the obligation of contracts, and that it violates section 15, article 2 of the State Constitution, which prohibits the passage of any law impairing the obligation of contracts; and also violates the fifth amendment to the Constitution of the United States, and section 30 of article 2 of the State Constitution which provide that no person shall be deprived of life, liberty or property without due process of law.

The application of these constitutional guaranties to the case at bar, is that the plaintiff became a borrowing stockholder before the passage of the Act of 1899, and that such act impairs the obligation of his contract to pay his premiums, dues and interest under his contract and deprives him of his property without due process of law, because it punishes any officer of the association, as for a felony, if he receives dues, etc., after the association becomes insolvent, etc., and the unprecedented and hitherto incomprehensible condition is presented of a stockholder demanding to pay dues to an association which he admits is insolvent. This is the converse of the cases that have heretofore reached this court, for all the prior cases have been proceedings against the officers of financial

associations for receiving money after the association was insolvent. [State v. Sattley, 131 Mo. 464; State v. Darrah, 152 Mo. 522.]

In the cases cited, a similar act relating to officers of banks receiving money after the bank was insolvent, was held to be constitutional, and in the first case cited, the sentence of the defendant to a term in the penitentiary was affirmed. It is true that in those cases the law in reference to bank officers was challenged as unconstitutional, on the ground that it denied the officers of banks the equal protection of the law, guaranteed by the Federal Constitution, because officers of trust companies were not embraced in the law, whereas, in this case the constitutional guarantee invoked is against the passage of any law impairing the obligation of contracts, and prohibiting the taking of life, liberty or property without due process of law.

The act in question places officers of building and savings associations in the same boat with officers of banks, so far as receiving money after the association becomes insolvent is concerned. The principle underlying both laws is the same. The purpose of both laws is to protect the people who pay money into such associations. Instead of such laws impairing the obligation of a contract or depriving persons of their property without due process of law, they do not in the slightest degree affect the contract, and do conserve the property of the citizen by preventing officers from receiving it when the association is insolvent, and in this way they save the money that would be lost to the citizen if received by such associations.

The cases cited by plaintiff interpreting the provisions of the Federal and State Constitutions in reference to impairing the obligation of contracts and taking property without due process of law, undoubtedly state the law correctly, but they have no application to the case at bar.

For if the association is solvent or insolvent, if the officers are punished criminally or not, if the dues are paid to the

officers or to a receiver of the association, the obligation of the contract will not be impaired, and the plaintiff's money will not have been taken from him without due process of law.

It is too plain to admit of discussion that criminal statutes leveled against acts that would be frauds without such criminal enactments, and intended for the protection of the rights of the citizen, can not have the effect of impairing the obligation of contracts or of depriving any man of his property without due process of law.

Amplification is superfluous. The petition stated no cause of action. The Act of 1899 is constitutional. The judgment of the circuit court is erroneous, and it is reversed. All concur, except *Valliant, J.,* absent.